JUDGE GARDEPHE

09 CV 2822

Patrick Lucignani (PL 6710)
Epstein Becker Green P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for United Water Management and Services Inc.

RECEIVED

MAR 24 2009

U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED WATER MANAGEMENT AND SERVICES :
INC. :
:
                                    Plaintiff, :
                                                :    **VERIFIED COMPLAINT**
              - against -                       :
                                                :    Case No. ___ Civ _____ (___)(___)
ZETA INTERACTIVE CORPORATION,                   :
                                                :
                                                :
                                                :
                                    Defendant.  :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff UNITED WATER MANAGEMENT AND SERVICES INC. ("United Water"

or "Plaintiff") by its attorneys, Epstein Becker Green, P.C., as and for its Complaint against

ZETA INTERACTIVE CORPORATION ("Zeta" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1.    This action responds to Zeta's wrongful conduct in breaching its website

development agreement with United Water and withholding from United Water, despite UW's

demands, valuable intellectual property owned by United Water. Zeta's mistake-ridden, partial,

and delayed performance has deprived United Water of the reasonably expected fruit of its

agreement with Zeta, has interfered with its prospective relationships, and has damaged United

Water irreparably through the withholding of vital intellectual property.

2.      The nature of Zeta's conduct has left United Water with no choice but to seek affirmative judicial action and relief, including: (i) a declaration that Zeta has breached its express and implied agreements with United Water, and wrongfully converted United Water's property; (ii) damages and equitable relief based on Zeta's refusal to honor contractual obligations; (iii) damages and equitable relief for Zeta's wrongful retention and conversion of United Water's property, and; (iv) damages for tortious interference with prospective business relations.

## PARTIES TO THE ACTION

3.      Plaintiff, United Water, is a New Jersey corporation which has its principal place of business at 200 Old Hook Road, Harrington Park, New Jersey 07640-1799.

4.      Defendant Zeta is a Delaware corporation having its principal place of business at 99 Park Avenue, New York, New York 10016.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332. United Water and Zeta are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs. The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over United Water's state law claims because they derive from the same set of facts and circumstances as United Water's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

6.      Personal jurisdiction vests over Zeta as it is a citizen of the forum state.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Section 17 of the Agreement between the parties recognizes the appropriateness of venue in such District.

## FACTUAL BACKGROUND

### A.    United Water

8.    United Water is a company committed to providing comprehensive, sustainable water and wastewater management solutions that promote public, economic, and environmental health.

9.    United Water is, and has been, a leader in the water services industry since its founding in 1869 as the Hackensack Water Company.

10.    United Water now serves over 7 million people in 26 states and operates approximately 240 municipal water and wastewater systems, including 3 of the nation's largest contract services operations.

11.    United Water is responsible for treating 945 million gallons of drinking water daily and for treating 815 million gallons of wastewater daily.

12.    United Water offers its customers a full spectrum of services, including but not limited to:

      a.    Contract operations;

      b.    Infrastructure and tank management;

      c.    Customer service;

      d.    Metering;

      e.    Billing and collections;

      f.    Asset acquisition;

      g.    Facility design, construction, and ownership.

13.    United Water is also a leader in numerous industry-based organizations that promote best practices for water treatment, such as American Water Works Association,

National Association of Water Companies, Water Environment Federation, and National Association of Clean Water Agencies.

14.    United Water customers benefit from a worldwide research, management, and technology network that nourishes cutting-edge local solutions.

15.    United Water's reputation in the industry and among its current and potential residential, business and municipal customers and clients is based in large measure on its superior customer service and its place on the cutting edge of water services research, technology, operations, and management.

16.    To enhance its reputation for customer service, United Water planned to upgrade its website and to do so in accordance with a schedule that fit in with its other marketing and business development efforts.

B.    Zeta

17.    Zeta bills and promotes itself to business customers, like United Water, as a leading provider of integrated interactive website services that customers may use in realizing the full potential of the Internet to build brands, increase sales, improve processes, and reduce costs.

18.    Zeta promotes and represents itself as having special skills and experience in crafting strategies and solutions for its customers that help those customers acquire, retain, up-sell, cross-sell and win back their own customers—cost effectively and efficiently.

19.    Zeta promotes and represents itself to be able to do so by providing best-of-breed proprietary technologies and an approach that is very focused on accountability, measurability and return on investment metrics.

20.    Zeta promotes and represents itself to be able to leverage its technology and expertise to provide a broad range of interconnected digital services to its world-class clients that help those clients meet and exceed even their loftiest business objectives.

21.    Zeta promotes and represents its services to include:

      a.    Email Marketing;

      b.    Search Engine Marketing + SEO;

      c.    Brand Strategy and Creative Services;

      d.    Website Development and Management;

      e.    Social Media Marketing + Mining;

      f.    Strategic Services and Consulting;

      g.    Web Analytics.

22.    Zeta promotes and represents itself to be general contractors with a tool set of the industry's best digital marketing elements, spearheaded by superior talent, to help achieve the ultimate business goals of its clients—whether it is building a brand, spawning positive word-of-mouth, acquiring new customers, or driving sales and revenue, stating "We don't just claim integration. We live it."

23.    Indeed, Zeta itself acknowledges, admits and agrees that effective marketing requires interconnected strategies and solutions that work in concert to engage audiences, convey relevant and consistent messaging across multiple channels and media, move users along the purchase process to drive transactions, and build customer loyalty over time, and that the best marketing efforts capitalize on the potential of digital technologies to leverage customer data and knowledge from past efforts to drive even more relevant exchanges in the future.

24.    Consequently, Zeta promotes and represents itself to take a holistic, integrated approach to build enduring relationships between its clients and their customers, and seeks to be viewed as more than an isolated service provider, but rather as business partners and strategists focused on meeting and exceeding Zeta's customers' objectives by crafting integrated solutions that leverage Zeta's diverse experiences in all areas of marketing to generate leads, acquire customers, build brands, and drive sales.

C.    United Water and Zeta Enter Into A Standard Consulting Agreement

25.    In order to further enhance its reputation, more effectively market its services and communicate with current and potential customers, United Water determined to enhance and upgrade its website and related platforms.

26.    In light of Zeta's skills, capabilities and experience, as represented by Zeta itself as noted above and through other modes of communication, United Water contracted with Zeta to undertake such work.

27.    A true and correct copy of that Standard Consulting Agreement, together with Schedules A through C, is attached here as Exhibit 1 ("the Agreement").

28.    Under the Agreement, Zeta was to "perform [website] development services ('Services') as provided in the Statement of Work attached [t]hereto as Schedule A."

29.    In performing those Services, Zeta was required by Section 6 of the Agreement to perform the Services in a skillful and workmanlike manner and at the level customary for professionals and individuals "skilled in Consultant's field performing such Services, as appropriate and as relate to the Services being addressed [t]herein."

30.    Additionally, Section 8 of the Agreement stated:

Company shall own the work product resulting from or arising out of the Services performed by Consultant for the Company under this Agreement. Work

product shall include all tangible materials, including work in progress. The work product prepared by Consultant is not intended or represented to be suitable for reuse by Company or others on extensions of the project or on any other project. Any reuse without prior written verification or adaptation by Consultant for the specific purpose intended will be at Company's sole risk and without liability or legal exposure to Consultant. Consultant warrants that it will not infringe on the copyright, trademark, patent or trade secrets of any other person or entity in providing the Services under this Agreement. Consultant will retain all right, title and interest in and to all software, know-how, methodologies, processes, technologies or other intellectual property rights used in providing the Services which are based on trade secretes or proprietary information of Consultant or are otherwise owned or licensed by Consultant.

31.     Further, Section 9 of the Agreement stated:

Time is of the essence for the completion of the Services described in this Agreement. It is anticipated by the parties that all Services shall be within specified time frames, and that any delay in the completion of the Services shall constitute a material breach of this Agreement.

32.     Moreover, Section 19 of the Agreement stated:

A waiver of any term, condition or covenant by any party shall not constitute a waiver of any other term, condition or covenant. In the event that any provision of this Agreement shall be deemed unenforceable, the remaining terms and conditions shall remain in full force and effect.

33.     Payment terms and progress payment schedule were set forth in Schedule B, and

stated, in relevant part, that:

Project Pricing

**Total Cost    $552,970**

(Includes above mandatory requirements and overall development)

Payment Terms and Progress Payment Scheduled
TERMS: NET 30

| Amount | Milestone | Date |
|---|---|---|
| $ 35,000 | Exploration | 3/31/08 |
| $104,000 | Wireframes | 4/30/08 |
| $104,000 | Design | 5/31/08 |
| $104,000 | Development | 6/30/08 |
| $104,000 | Integration on staging server | 7/31/08 |
| $106,970 | Launch | 9/01/08 |

NOTES:
- This assumes a kickoff on Mar 24 and launch by September 1ˢᵗ.
- The invoicing will be based on whichever occurs first – milestone approved or date specified.

34.     The Agreement was effective April 4, 2008.

35.     United Water timely paid those amounts due on July 17, 2008 ($42,750.00), July 28, 2008 ($200,250.00) and August 1, 2008 ($104,000.00).

36.     United Water paid a total of $347,000.00 to Zeta under the Agreement.  Of that amount, however, United Water paid $88,000.00 for work that was later discovery to be unsatisfactory.

37.     As required milestones were not achieved, payments scheduled for additional items totaling $226,970.00 were not made.

### D.     Zeta Breaches The Standard Consulting Agreement

38.     Zeta failed to live up to its representations and to its contractual obligations.

39.     For instance, the UAT phase of the project was delayed, the integration on the staging server was delayed and the project launch slipped past the scheduled due date.

40.     The UAT phase of the project was significantly delayed because the initial software for launch of the website was completed by Zeta without any Alpha or Unit testing.

41.     The integration on the staging server was scheduled to occur on July 31, 2008, however, the actual date of integration on the staging server was October 19, 2008.

42.     Finally, the launch date of the website was listed as September 1, 2008; however, the launch date was rescheduled several times and the website was not launched until February 18, 2009.

43.    Indeed, the "go live" date was pushed from October 1, 2008 to October 5, October 9, October 16, October 19, November 5 to December 2, 2008 only out of necessity because Zeta was unable to put the website into "live" production.

44.    Additionally, by way of example and not to be considered a complete or all-inclusive list, Zeta failed to complete at all, or in a timely manner, various tasks provided in the Agreement and the Statement of Work ("SOW"), including but not limited to:

   a.    Zeta failed to maintain and provide a complete and separate project document archive  required under Section 3.4.1.1 of the SOW;

   b.    Zeta failed to timely provide or to update the schedule required by Section 3.4.1.2 of the SOW;

   c.    Zeta failed to provide appropriate or timely acceptance logs or status reports required under various sections of the SOW;

   d.    Zeta failed to provide wire frames for each page template required under Section 3.4.3.2 of the SOW;

   e.    Zeta failed to provide required training documents required under Section 3.4.3.4 of the SOW;

   f.    Zeta failed to timely and appropriately perform tasks necessary for functional testing, usability testing performance testing, regressive testing, or security testing under various sections of the SOW.

45.    In addition, Zeta failed to provide consistent and appropriate project management and personnel control and assignments as required under Sections 3.5.1.1 and 7.3 of the SOW.

46.    Further, on or about December 16, 2008, Zeta communicated to United Water Zeta's inability to continue "as the project lead for a United Water consumer website project," admitting that Zeta did not have personnel sufficient in quantity, quality or experience to support the project timeline that Zeta had itself proposed.

47.    Zeta further admitted that United Water would find it "necessary to involve a 3rd party provider to assist with the remaining tasks and properly launch this website."

48.    Zeta further conceded and admitted at that time that "Testing-Formal UAT" and "Deployment," did not occur in a timely manner.  The code was never stable enough to set a date for completion of the Formal UAT Testing and Deployment.

49.    Zeta further conceded and admitted at that time that additional resources were necessary to proceed with the website development:

> Resources required for completion:
>
> Test Lead – complete test scripts and manage UAT testing process
>
> Developer (Sunit) – needed to complete remaining identified site fixes, knowledge transfer
>
> Lead Developer – address and correct any functional items uncovered during the UAT phase
>
> Project Coordinator/Manager – If 3rd party provider has a strong Project Management resource, it would make sense to include this resource to ensure a smooth project launch.

50.    Consequently, on or about December 18, 2008, United Water terminated the Agreement for cause by providing notice to Zeta under Section 5 of the Agreement based on Zeta's breach of Sections 6 (Standard of Care) and 9 (Time of the Essence) of the Agreement.

51.    Zeta has not performed the Services in a skillful and workmanlike manner and at the level customary for professionals and individuals skilled in Zeta's field performing such services and is, therefore, in breach of Section 6 of the Agreement.

52.    Zeta has not completed the Services within the time frames specified and is ,therefore, in material breach of the Agreement pursuant to Section 9.

53.    Further, consistent with Section 8 of the Agreement, United Water demanded that Zeta provide to United Water all work product under the Agreement, including but not limited to all graphic media created during the design phase of the project.

NE:3014869v1                                10

54.    Further, consistent with Section 8 of the Agreement, United Water owns and is entitled to possession of any and all source code developed under the Agreement, as well as to all plans of construction and the like concerning the project.

55.    The design phase was completed by Zeta at a cost of $104,000.00 and, subsequently an invoice covering the design phase of the project (as well as other deliverables) was submitted to United Water. The total invoice submitted by Zeta was paid by United Water on July 16, 2008.

56.    Zeta has refused to provide United Water with the referenced word product including but not limited to the graphic media, whether contained on a CD (in PC Format) containing all the layered Photo Shop files and layered Rich Media files (Flash, etc.) or in any other format.

57.    Moreover, the third party hired by United Water to assess the situation found over two hundred forty (240) additional errors/open items that needed to be corrected before the website would work in live production.

58.    Therefore, UAT testing process and launch was not the only significant remaining step in the project.

59.    Additional time and money have been spent by United Water to have Zeta's errors corrected and to put the website into production.

60.    Moreover, support of the website is dependent upon receipt of the work product, including but not limited to graphic media, from Zeta.

61.    For example, without the work product and graphic media being wrongfully withheld by Zeta, United Water's new live website remains as static and unchangeable as the old website.

62.    Thus, the improved and anticipated "new look" of the United Water website runs the risk of being substantively out of date quickly because the graphic media necessary to make timely changes is unavailable to United Water, even though its ownership of such work product is clearly established under the Agreement.

63.    The deprivation of this ability to update the website robs United Water of one of the very results contracted for, and leaves United Water at risk for irreparable injury and damage to its reputation and customer relationships that will be occasioned by the presence of stale, incorrect or non-updated information and data being present on the United Water website.

## FIRST CLAIM
### (Declaratory Judgment)

64.    United Water repeats and realleges each and every allegation set forth in the preceding Paragraphs of this Verified Complaint as if fully set forth at length herein.

65.    In light of the foregoing, Zeta threatened to bring an action for payments allegedly due Zeta, and also refused to provide to United Water the work product and intellectual property previously demanded by United Water.

66.    Because of Zeta's expressed intent to sue and refusal to provide United Water with United Water's property, United Water filed this lawsuit.

67.    Zeta's demand for damages is without basis, and its refusal to release the property is wrongful, without basis, and actually in breach of Zeta's Agreement with United Water.

Accordingly, United Water requests that the Court issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that: (a) Zeta has breached United Water's common law and contractual rights, and that United Water is entitled to possession of all work product; (b) United

Water has no liability to Zeta under the Agreement; (c) United Water is entitled to an order preliminary enjoining and permanently restraining Zeta's tortious and contract breaching conduct, with such injunctions and restraints to include, but not be limited to (i) specific performance of the obligation to provide to United Water all work product and intellectual property and (ii) immediate turnover of any and all United Water property converted and held by Zeta;

## SECOND CLAIM
### (Breach Of Express Contract)

68.    United Water repeats and realleges each and every allegation set forth in the preceding Paragraphs of this Verified Complaint as if fully set forth at length herein.

69.    The acts and omissions of Zeta as described above constitute a material breach by Zeta of the Agreement.

70.    As a direct and proximate result of the acts and omissions of Zeta in material breach of the Agreement, United Water has been caused to suffer significant financial losses and other compensatory damages.

## THIRD CLAIM
### (Breach Of Implied Covenant Of Good Faith And Fair Dealing)

71.    United Water repeats and realleges each and every allegation set forth in the preceding Paragraphs of this Verified Complaint as if fully set forth at length herein.

72.    Every contract has an implied covenant of good faith and fair dealing.

73.    The acts and omissions of Zeta as described herein constitute a material breach of the implied covenant of good faith and fair dealing.

74.    As a direct and proximate result of the acts and omissions of Zeta in material breach of the implied covenant of good faith and dealing, United Water has been caused to suffer significant financial losses and other compensatory damages.

## FOURTH CLAIM
### (Conversion)

75.    United Water repeats and realleges each and every allegation set forth in the preceding Paragraphs of this Verified Complaint as if fully set forth at length herein.

76.    By its conduct, Zeta has exercised an unauthorized ownership, dominion and/or control over United Water's property.

77.    Despite United Water's repeated requests for return of its property, Zeta continues to exercise an unauthorized ownership, dominion and/or control over United Water's property.

78.    By Zeta's aforesaid conduct, United Water has been wrongfully excluded from the exercise of its rights over its property which remains in Zeta's exclusive possession and/or control.

## FIFTH CLAIM
### (Declaration Of A Constructive Trust)

79.    United Water repeats and realleges each and every allegation set forth in the preceding Paragraphs of this Verified Complaint as if fully set forth at length herein.

80.    Zeta had knowledge of the circumstances under which it came into possession of property owned by and belonging to United Water and of United Water's greater claim of right.

81.    Zeta has not delivered such property to United Water, despite repeated requests and demands to do so, and has instead exerted control over such property and retained such property.

82.    In exercising such control over property more rightfully left within the control of United Water, Zeta has become a constructive trustee who must hold, care for, and account for such property to United Water.

83.    By reason of the foregoing, and as a direct and proximate result of Zeta's conversion, United Water is entitled to declaratory and injunctive relief as well as compensatory and punitive damages in an amount to be determined at trial.

### SIXTH CLAIM
### (Tortious Interference With Prospective Business Relations)

84.    United Water repeats and realleges each and every allegation set forth in the preceding Paragraphs of this Verified Complaint as if fully set forth at length herein.

85.    By their aforesaid acts, omissions and conduct, Zeta has wrongfully and tortiously, with specific intent to damage and injure United Water, interfered with United Water's prospective business relations with current and prospective clients and customers.

86.    By reason of the foregoing, and as a direct and proximate result of Zeta's conduct, United Water is entitled to declaratory and injunctive relief as well as compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, United Water requests that this Court enter a judgment in its favor and against Zeta as follows:

a.    Declaring that Zeta has breached United Water's common law and contractual rights, and that United Water is entitled to possession of all work product;

b.    Declaring that United Water has no liability to Zeta under the Agreement;

c.    Preliminary enjoining and permanently restraining Zeta's tortious and contract breaching conduct, with such injunctions and restraints to include but not be limited to:

> i) Specific performance of the obligation to provide to United Water all work product and intellectual property;
>
> ii) Immediate turnover of any and all United Water property converted and held by Zeta;

Including but not limited to any and all source code written or developed under the Agreement and all graphic media created or collected under the Agreement, including but not limited to such graphic media contained on a CD (in PC Format) that contains all the layered Photo Shop files and layered Rich Media files (Flash, etc.) that were created during the design phase of the project.

d.    Directing Zeta to pay compensatory and punitive damages to United Water in an amount to be proven at trial

e.    Awarding United Water costs, disbursements and reasonable attorneys' fees;

h.    Awarding United Water such other and further relief that the Court deems just and appropriate.

Dated:  New York, New York
       March 24, 2009

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: _____

Patrick Lucignani (PL 6710)

250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for United Water Management
  and Services Inc.

*Of counsel:*

James P. Flynn, Esq.
Lauren D. Daloisio, Esq.
EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center
12th Floor
Newark, New Jersey 07102
  Attorneys for United Water Management
    and Services Inc.

VERIFICATION

STATE OF NEW JERSEY )

                     ) ss:

COUNTY OF BERGEN    )

      Richard W. Henning, being duly sworn, deposes and says:

      I am the Senior Vice President - Communications of the corporate plaintiff, United Water Management and Services Inc. I have read the foregoing complaint and know the contents thereof. Same are true, except for allegations made upon information and belief and as to those, I believe them to be true.

Richard W. Henning

SUSAN E. COUGHLIN
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 19, 2013